# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAMES RICHARD WYER # 152581     *

          Plaintiff     *

         v.     *       Civil Action No.  GLR-12-3362

CONMED HEALTHCARE     *
  MANAGEMENT, INC.
    *
          Defendant

                     ***

## MEMORANDUM OPINION

Pending is James Richard Wyer's ("Wyer") prisoner civil rights Complaint and supplement.[1]  ECF Nos. 1 and 3.  Defendant Conmed Healthcare Management, Inc. ("Conmed") has filed a response with supporting exhibits.  ECF No. 4.  Wyer was notified that Conmed's response will be treated as a Motion for Summary Judgment (ECF No. 6) and was granted additional time to file an opposition with materials in support pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  Plaintiff has filed a reply (ECF No. 12).[2]  The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 (D. Md. 2011), as a hearing is

---

[1] On November 29, 2012, the Court directed Conmed to file an emergency show cause response to Wyer's claims of inadequate medical care.  ECF No. 2.

[2] Additionally, Wyer filed a Motion for Appointment of a Public Defender (ECF No. 9).  A district court judge has discretion to appoint counsel if an indigent plaintiff presents exceptional circumstances.  28 U.S.C. § 1915(e) (1); see also Cook v. Bounds, 518 F.2d 779,780 (4th Cir. 1984).  Whether such circumstances exist depends on 1) the type and complexity of the case, and 2) the abilities of the litigant.  See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v U.S. District Court, 490 U.S. 296, 298 (1989); Gordon v. Leake, 574 F.2d 1147, 1153 (4th Cir. 1978).  Wyer has adequately presented his claims and they do not appear to be unduly complicated.  No exceptional circumstances are shown.  Accordingly the Motion (ECF No. 9) will be denied.

deemed unnecessary. After considering the pleadings, exhibits, and applicable law, the Court will grant Defendant's Motion for Summary Judgment by separate Order.

## BACKGROUND

Wyer has been a detainee at the Baltimore County Detention Center ("Detention Center") since October 31, 2012.[3] Conmed Healthcare Management, Inc. is the holding company for Conmed, Inc., the contractual medical services provider at the Detention Center. Wyer claims he is receiving deficient treatment for a blood clot behind his left knee, insufficient monitoring of his orthopedic condition, and inadequate pain treatment. ECF No. 1.[4] Wyer explains he was in a serious motorcycle accident in 2011 and has had bone reconstruction surgery as a result of his injuries.

Conmed maintains Wyer's claims of inadequate medical treatment are without merit and has submitted copies of his medical records. The following information about Wyer's medical care is derived from his medical records.

Wyer was screened upon his admission to the Detention Center on October 31, 2012, by correctional staff and later by medical staff. Both screenings recorded information concerning Wyer's bone reconstruction surgery, mental health, and insomnia. Wyer reported that at the time of arrest he was taking Coumadin to prevent blood clots, MS Contin and Oxycodone for pain relief, Neurontin and Zoloft for mental health conditions, and Ambien for sleep. ECF No. 4, Ex. 1 at 1-10. At the time of the medical screening, orders were issued for pain medication and

---

3  It is not clear whether Wyer is serving a sentence or is awaiting trial.

4  To the extent Wyer also complains about the food at the Detention Center and the "inadequate third world footwear issued to inmates," he may present his claims by filing a separate complaint. These claims will not be considered here. ECF No. 3 at 7.

Coumadin, as well as orders for monitoring blood pressure and PT/INR levels.[5]  See id. at 21. Plaintiff was prescribed additional medications following his mental health evaluation on November 7, 2012.  See id. at 24, 32-38.

Wyer's medical records show he was seen by medical providers on November 5, 2012 for genital herpes.  He raised no complaint regarding deficient treatment relating to his leg or knee.  See id. at 30-31.  Wyer asked to be cleared for work release.  See id. at 16.

Because Wyer was prescribed Coumadin, he had blood drawn on November 6, 7, 16, and 30, 2012 to assess INR levels.  See id. at 14-15 and 39-42.  On November 27, 2012, Wyer was examined by a physician and prescribed Gabapentin for pain.  See id. at 29.

On November 29, 2012, Wyer complained of extreme knee pain.  He refused crutches and admission to the medical unit for housing.  Instead, he asked to be sent to the hospital.  See id. at 16-17, 28.  Later that day, he returned to the medical unit complaining of worsening pain, and was sent to the Emergency Room at the Greater Baltimore Medical Center.  See id. at 17. Wyer returned to the Detention Center several hours later after no evidence of a deep vein thrombosis (DVT) [6] was found by hospital medical providers.  The hospital recommended Wyer be continued on his medications and monitored for INR.  See id. at 17, 43-50.  A follow-up blood draw for INR monitoring was scheduled for December 5, 2012.  See id. at 15.

In his reply, Wyer claims the pain medication he is receiving "doesn't come close to the pain management treatment" he had been receiving in the months prior to his detention.  ECF No. 8. Further, he disputes receiving the follow-up care recommended by medical providers at

---

[5] The PT and INR are used to monitor the effectiveness of the anticoagulant warfarin (Coumadin). See http://labtestsonline.org/understanding/analytes/pt/tab/test.
[6] Deep vein thrombosis or DVT, is a blood clot that forms in a vein deep in the body. Blood clots occur when blood thickens and clumps together. See http://www.nhlbi.nih.gov/health/health-topics/topics/dvt/.

the Greater Baltimore Medical Center.[7]  He avers "the hospital refused" to drain fluid from his

knee and x-ray his leg.[8]  Lastly, he complains that he is not provided physical therapy or

receiving treatment from an orthopedic surgeon.  ECF No. 8.

## STANDARD OF REVIEW

Summary Judgment is governed by Fed. R. Civ. P. 56(a), which provides that:

> The court shall grant summary judgment if the movant shows that
> there is no genuine dispute as to any material fact and the movant
> is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will

defeat the motion:

> By its very terms, this standard provides that the mere existence of
> *some* alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'"  Bouchat v. Baltimore Ravens Football Club,

Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

The court should "view the evidence in the light most favorable to...the nonmovant, and draw all

inferences in her favor without weighing the evidence or assessing the witness' credibility."

Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually

---

[7]  The hospital recommended a follow-up visit with an orthopedic surgeon.  ECF No 4. Exhibit 4 at 16.

[8]   Neither the Greater Baltimore Medical Center nor its employees are named as defendants in this case.

unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

A preliminary injunction temporarily affords an extraordinary remedy prior to trial than the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20-23 (2008); Dewhurst v. Century Aluminum Co., 649 F.3d 287, 292-93 (4th Cir. 2011).

## DISCUSSION

A pretrial detainee's claims relating to an alleged denial of medical care are governed by the Fourteenth Amendment, which prohibits treatment so severe that it amounts to "punishment." The constitutional protections afforded a pretrial detainee under the Fourteenth Amendment are coextensive with those provided by the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992) (citing Martin v. Gentile, 849 F.2d 863, 870 (4th Cir.1988)).

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173. "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute

and imposed by a criminal judgment." De Zonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003)

(citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)).  In order to state an Eighth Amendment

claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendant, or

his failure to act, amounted to deliberate indifference to a serious medical need.  See Estelle v.

Gamble, 429 U.S. 97, 106 (1976); see also Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).  A

"serious medical need" is "one that has been diagnosed by a physician as mandating treatment or

one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention."   Iko, 535 F.3d at 241 (citing Henderson v. Sheahan, 196 F.3d 839, 846 (7th

Cir.1999)); see  also Hudson v. McMillian, 503 U.S. 1, 9 (1992) (there is no expectation that

prisoners will be provided with unqualified access to health care).  Proof of an objectively

serious medical condition, however, does not end the inquiry.

Deliberate indifference to a serious medical need requires proof that, objectively, the

prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison

staff members were aware of the need for medical attention but failed either to provide it or to

ensure that the needed care was available.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Mere negligence does not constitute deliberate indifference; rather, a prison official must both be

aware of the facts from which the inference could be drawn that a substantial risk of harm exists,

and he must draw the inference.  See Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir.1998); see

also Farmer, 511 U.S. at 837.  The  conduct must be so grossly incompetent, inadequate, or

excessive as to shock the conscience or to be intolerable to fundamental fairness.  See Militier v.

Beorn, 896 F.2d 848, 851 (4th Cir.1990).  The right to treatment is "limited to that which may be

provided upon a reasonable cost and time basis and the essential test is one of medical necessity

and not simply that which may be considered merely desirable." <u>Bowring v. Godwin</u>, 551 F.2d 44, 47–48 (4th Cir. 1977). Moreover, inmates do not have a constitutional right to the treatment of their choice. <u>See</u> <u>Dean v. Coughlin</u>, 804 F.2d 207, 215 (2d Cir.1986). Disagreements between medical staff and an inmate over the necessity for or extent of medical treatment do not rise to a constitutional injury. <u>See Estelle</u>, 419 U.S. at 105–06; <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985).

Viewing the evidence in the light most favorable to Wyer, he fails to show Defendant acted with deliberate indifference to his serious medical needs. Wyer's medical records indicate that his medical condition is being monitored and treated. In the little more than two months since his detention, Wyer has been examined by medical providers at the Detention Center and prescribed medication for his conditions. He is being regularly monitored for PT and INR levels and blood pressure. Medical providers are responding to his medical complaints. It is clear that Wyer differs with medical providers about his sleep medication, the type of pain medicine he is prescribed, his desire for physical therapy, and his preference for treatment by an orthopedist, but disagreement over the course of care does not implicate a claim of constitutional magnitude. Wyer provides no evidence establishing that he will suffer immediate and irreparable injury, loss, or damage without injunctive relief. [9] The equities do not tip in his favor, and the public interest would not be served by ordering injunctive relief.

---

[9]   This case is also dismissible on the grounds of Plaintiff's failure to comply with Court Order to submit the filing fee or file a motion to proceed in forma pauperis. ECF No. 2.

**CONCLUSION**

For these reasons set forth above, summary judgment will be entered in favor of Defendant by separate order.

January 8, 2013                                                    /s/
                                          _____
                                          George L. Russell, III
                                          United States District Judge